UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY J. STIEHL, a minor, by his father
and best friend JOHN H. STIEHL,

                              Plaintiff,

                                                         08 Civ. 11350 (CS)

       -against-

POLICE OFFICER JOHN DELIZIO,                 **FIRST AMENDED**
individually, POLICE OFFICER                         **COMPLAINT**
ROBERT CARALYUS, individually,
and the VILLAGE OF ELMSFORD,
New York,                                                **Jury Trial Demanded**

                              Defendants.
------------------------------------------------------------x

       Plaintiff ANTHONY J. STIEHL, a minor, by his father and best friend JOHN H. STIEHL, for his first amended complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in jointly by the Defendants while acting under color of New York State Law and pursuant to the established policy of the Defendant Village, for violations of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343. In connection with the filing of this complaint Plaintiff's father is serving (on behalf of Plaintiff) the Village of Elmsford with a notice of claim in accordance with the provisions

1

of the New York State General Municipal Law for assault, battery, false arrest, and *inter alia* false imprisonment. At such time as a so-called 50-h hearing is either conducted or waived with respect to the notice of claim, Plaintiff will seek the Court's permission to amend this complaint in order to interpose supplemental state law claims in accordance with 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff ANTHONY J. STIEHL is a fourteen year old minor, a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He brings this action by his father and best friend JOHN H. STIEHL, also a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties.

4. Defendant JOHN DELIZIO (hereinafter "Delizio"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was an on-duty police officer employed by the Village of Elmsford, New York (hereinafter alternatively the "Village"). Delizio's conduct as set forth *infra* was in accordance with established Village policy.

5. Defendant ROBERT CARALYUS, who is sued in his individual and personal capacities only, at all times relevant to this complaint was an on-duty police officer employed by the Village. His conduct, like that of Delizio, as set forth *infra* was in accordance with established Village policy.

6. Defendant VILLAGE OF ELMSFORD, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and

pursuant to the laws of said State. Each year the Village conducts "Elmsford Day", an event held on October 2 in 2008, during which there is a parade, a fireworks display and other recreational activities open to the general public. With respect to policing of Elmsford Day, the Village has adopted a practice and/or policy of encouraging its police officers to harass teenagers who seek to attend the festivities with a view towards dissuading them and/or their friends from doing so and/or forcing them to involuntarily leave.

## THE FACTS

7. On Elmsford Day 2008 Plaintiff and several of his teenage friends were awaiting the commencement of the fireworks display; in that connection they were chatting and kidding around. At one point Plaintiff uttered the "F" word.

8. Delizio immediately approached Plaintiff, told him to "stop cursing", and ordered him to leave the park where the fireworks display was to occur.

9. As Plaintiff stood to comply with that order, Delizio and CARALYUS knocked him to the ground, handcuffed him, removed him to a marked police unit where they forcefully shoved his head onto the vehicle's trunk, placed him in the unit and transported him to police headquarters where they falsely charged him with Obstructing Governmental Administration.

10. While in headquarters Defendants handcuffed Plaintiff to a chair and berated him: "How dare you be disrespectful to the police". In that connection, one of the Defendants struck Plaintiff on the chin in order to force him to raise his head and look at both officers.

11. While processing the false arrest, one of the officers inquired as to Plaintiff's age; when told by Plaintiff that he was fourteen years of age, the officer proposed that he and his partner pretend that Plaintiff was actually sixteen years of age so they could have him illegally incarcerated at the County Jail in Valhalla.

12. While Plaintiff was under arrest and in police custody he was conscious of same; there was no probable cause for his arrest; there was no reasonable suspicion for his arrest; there was no arguable probable cause for his arrest; and his arrest was not otherwise privileged and/or authorized.

13. Defendants thereafter released Plaintiff after issuing him an appearance purportedly returnable in Family Court, Westchester County.

14. In fact Defendants did not file any accusatory instrument in Family Court, as Plaintiff's criminal defense attorney (Jeffrey M. Binder, Esq.) subsequently learned.

15. Instead a Probation Officer (Ms. McNeil) contacted Mr. Binder and - - committing the crime of Attempted Coercion in the Second Degree [New York Penal Law §§110, 135.60(8)] advised him that the "victim" of Plaintiff's supposed crime was willing to drop all charges provided Plaintiff agreed to perform community service and "clean himself up".

16. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: physical injury; false imprisonment [New York Penal Law §135.05]; the use of excessive force; false arrest; public humiliation; public embarrassment; public shame; emotional upset; anxiety; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

18. Under the premises Defendants' arrest of Plaintiff violated his rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983 and 18 U.S.C. §242.

## AS AND FOR A SECOND CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

20. Under the premises Defendants' false imprisonment of Plaintiff violated his rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983 and 18 U.S.C. §242.

## AS AND FOR A THIRD CLAIM

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

22. Defendants' use of excessive force violated Plaintiff's rights a guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983 and 18 U.S.C. §242

WHEREFORE Plaintiff respectfully demands judgment:

   a. Awarding on the First, Second and Third Claims against the individually named Defendants such punitive damages as the jury may impose,

   b. Awarding on the First, Second and Third Claims against all Defendants such compensatory damages as the jury may determine,

   c. Awarding against all Defendants on the First, Second and Third Claims reasonable attorney's fees and costs, and,

   d. Granting such other and further relief as to the Court seems just and proper.

Dated: Hawthorne, New York
       September 16, 2010

                                         LOVETT & BELLANTONI, LLP
                                         By:_____
                                           Jonathan Lovett, Esq. (4854)
                                           Attorneys for Plaintiff
                                           37A Saw Mill River Road
                                           Hawthorne, New York 10532
                                           914-347-4500